IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL THOMAS SHULTZ     *
                                    *
       v.                          *   Civil No. JFM-02-3867
                                    *
OFFICER T.J. SMITH, ET AL.     *
                                  *****

MEMORANDUM

Plaintiff has filed an amended complaint in which he alleges three federal constitutional violations under 42 U.S.C. §1983: (1) unreasonable seizure of his person; (2) excessive force; and (3) malicious prosecution.[1] Defendants have filed a motion to dismiss.

I.

One of the defendants, Officer T. J. Smith, arrested plaintiff without a warrant on November 30, 2001. According to the allegations in the amended complaint, after being called to investigate a call of a customer dispute at a site managed by plaintiff, Officer T. J. Smith, met with Chandra Doby and her son, Antonia D. Morris. Both of them related to Smith that plaintiff had assaulted them with a metal flashlight. Smith observed the victims being treated by paramedics. Smith interviewed an independent witness, Daniel West, who confirmed that he saw plaintiff swing a flashlight at Doby. Smith asked plaintiff about what happened, and plaintiff declined to speak to Smith. On these facts Smith arrested plaintiff.

---

[1] Plaintiff's original complaint contained a federal claim for unreasonable seizure of the plaintiff's person and state law claims for assault, battery, and false imprisonment. Plaintiff deleted the state law claims (and added two federal claims) in response to defendant's motions to dismiss the state law claims on the ground that plaintiff had failed to give timely notice of the claims under Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§5-301, et. seq.

The allegations against the other defendant, Officer S. Seegers, is that, upon the request of Smith, Seegers helped Smith take plaintiff into custody by holding plaintiff down while Smith handcuffed plaintiff's arms behind his back.

II.

A. "Unreasonable Seizure of Plaintiff's Person"

Plaintiff does not deny that these facts constituted probable cause for his arrest. Rather, he claims that his arrest was unlawful because under Maryland law an assault not involving severe personal injury is a misdemeanor as to which Officer Smith was not authorized to arrest him unless the offense was committed in Officer Smith's presence.

The fallacy in plaintiff's claim is that the technical violation of Maryland law alleged by plaintiff does not amount to a violation of his federal constitutional rights. Plaintiff relies upon *Atwater v. Lago Vista*, 532 U.S. 318 (2001), in support of the proposition that it is only where a misdemeanor is committed in an officer's presence that an arrest meets constitutional requirements. Plaintiff overreads *Atwater*. All the court ruled then is that an arrest for a misdemeanor committed in an officer's presence satisfies constitutional requirements. It did not hold that an arrest for a misdemeanor committed outside an officer's presence does not meet constitutional requirements. Indeed, the court expressly declined to reach the question of whether a warrantless arrest for a misdemeanor committed outside of an officer's presence is authorized. Id. at 340, n.11. In light of the fact that the Supreme Court left the issue open in *Atwater*, defendants clearly have a defense of qualified immunity against plaintiff's constitutional claim. That defense is all the stronger because the Fourth Circuit has expressly held that warrantless arrests by police officers for misdemeanors committed outside of their presence,

even if a violation of Maryland law, do not violate the Fourth Amendment as long as the arrest is supported by probable cause. *Street v. Surdyka*, 492 F.2d 368, 371-72 (4th Cir. 1974). *See also Wilcox v. Elliott*, 39 F. Supp. 2d 682, 689-90 (S.D.W.V. 1999).

    B. <u>Excessive Force Claim</u>

Plaintiff's claim for excessive force is based entirely upon the fact that because his arrest was unlawful, Officer Smith and Officer Seegers were not justified in using any force against him. He does not allege that he suffered any physical injury as a result of the arrest. Accordingly, his claim clearly fails under the rule that even if a plaintiff alleges a technical violation of his rights, he may not recover if he suffered no more than *de minimis* injury. *See Robles v. Prince George's County*, 302 F.3d 262, 270 (4th Cir. 2002).

    C. <u>Claim for "Malicious Prosecution"</u>

A claim for malicious prosecution is not, as such, cognizable under 42 U.S.C. § 1983. *See Lambert v. Williams*, 223 F.3d 257, 270 (4th Cir. 2000). Here, although plaintiff alleges that the charge against him was terminated in his favor with the entry of a *nolle prosequi*, as I have previously stated, Officer Smith had probable cause to arrest plaintiff based upon what he was advised when he arrived at the scene. Accordingly, no constitutional violation has been alleged by plaintiff.

A separate order granting defendants' motion to dismiss the amended complaint is being entered herewith.

Date: March 7, 2003             /s/
                                      J. Frederick Motz

United States District Judge